UNITED STATES of America

v.

Dave HUSBAND.

No. B–89–00100–CR(1).

United States District Court,
E.D. Texas,
Beaumont Division.

Nov. 10, 1989.

L. Stuart Platt and John M. Bales, Asst. U.S. Attys., Beaumont, Tex., for plaintiff.

Joseph C. "Lum" Hawthorn, Beaumont, Tex., for defendant.

## ORDER

COBB, District Judge.

The defendant, Dave Husband, was indicted by a federal grand jury on May 31, 1989, on two counts. Count I was for violation of Title 21 U.S.C. § 846; Title 21 U.S.C. § 841(b)(1)(A)(ii and iii), and Title 21 U.S.C. § 841(a)(1), conspiracy to distribute and possess with intent to distribute five or more kilograms of a controlled substance, and is punishable by a term of imprisonment of not less than ten years, or not more than life, and a fine of $4,000,000. Count II sought forfeitures of certain properties. A superseding indictment was returned on August 3, 1989. In addition to the original Count I, in other counts, the defendant was charged with possession of over 500 grams of cocaine, three telephone counts, an illegal firearms count, two counts of income tax evasion, and further forfeitures.

Following defendant's arraignment on the original indictment, and also following the superseding indictment, the magistrate held the required detention hearings [1], and ordered detention after each hearing.

The magistrate based his holding upon his review of all of the evidence presented in the hearings, in combination with testimony the defendant often carried weapons in his vehicle and on his person. The magistrate stated:

... the incidents of him [the defendant] stopping persons in a threatening manner, the incidents of assaulting of one individual at his home, evidence concerning beating of illegal aliens is enough to raise a serious question about his potential for violence, future violence and I think that he has not, therefore, rebutted the presumption concerning that issue. (200–1R).[2]

The defendant appealed from the latter order.

The record made before the magistrate on the hearings of June 13, 1989, and August 14, 1989, has been reviewed *de novo*, and defendant has been allowed to proffer proof or present further evidence or testimony. In his appeal, the defendant tendered the transcripts of the two hearings, and one affidavit from a gun expert, categorizing the 108 firearms found at defendant's home, liquor store, trailer house, vehicle, and other places as falling in the categories of "collectibles," "hunting" and "pleasure," (sic) "protection," "investment," "target," and "sentimental, ... old family or gifts." The collectibles consist of 23 Winchester rifles of various descriptions, the other categories, including "pleasure," consist of 38 shotguns, ranging from a .410 "snakecharmer" to at least two Magnum 12 gauge shotguns, a number of handguns, including several .357 Magnums, an Llama 9 mm., a Derringer .22 Magnum, several .38 caliber pistols, several 22's, both rifles and pistols. As stated above, the affidavit covers a total of 108 firearms.

This affidavit does not persuade this court the magistrate erred. The record reviewed by me *de novo* does not refute the implicit holding by the magistrate that clear and convincing evidence existed there were no conditions or combination of conditions which would reasonably assure the safety of any other person and the community if the defendant was not ordered detained.[3]

---

1. Both hearings were held pursuant to 18 U.S.C. § 3142(f) upon the motion of the Government because the offense for which defendant was indicted met the terms specified in subsections (B) and (C) of § 3142(f).

2. The magistrate was apparently referring to 18 U.S.C. §§ 3142(e), which provides:
   Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required *and* the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.)

3. The standard for the judicial officer to use is set forth in 18 U.S.C. § 3142(f):
   The facts the judicial officer uses to support a finding pursuant to subsection (e) that no condition or combination of conditions will reasonably assure the safety of any other per-

Based upon my *de novo* review of the entire record before me, I specifically so hold. The defendant is remanded to the custody of the United States Marshal pending trial.

son and the community shall be supported by

clear and convincing evidence.